FILED

IN THE UNITED STATES DISRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2014 FEB 10 AM 10: 48

[stamp: U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA]

| | |
|---|---|
| John Sparks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. |
| ) | Division No. **2 14 C V 040** |
| Norfolk Southern Railway Company, ) | |
| ) | |
| Defendant. ) | |
| ) | CLERK TO ISSUE SUMMONS |
| SERVE: John C. Duffey, Esq. ) | |
| Stuart & Branigan ) | |
| 300 Main St., Suite 800 ) | JURY TRIAL DEMANDED |
| Lafayette, IN 47901 ) | |

## COMPLAINT
### (Federal Employers' Liability Act)

COMES NOW Plaintiff, John Sparks, by and through his attorneys, Holland, Groves, Schneller & Stolze L.L.C., and for his cause of action against Defendant, Norfolk Southern Railway Company, states:

1.  Defendant is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce between the several states of the United States.

2.  Defendant has operated trains, owned tracks and yards and other property in the State of Indiana. That defendant owns, operates or controls a railroad with tracks throughout Indiana.

3. That at all times relevant herein, Plaintiff John Sparks was employed by the Defendant, Norfolk Southern Railway Company an engineer and that his work substantially affected interstate commerce.

4. That at the time of his injury Plaintiff was a resident of Peru, Indiana. Currently he resides in Decatur, Illinois.

5. That this action is brought pursuant to the Federal Employers Liability Act, 45 U.S.C. §51-60 and thus this court has Federal Question Jurisdiction under 28 U.S.C. 1331.

6. That on or about November 9, 2009 plaintiff was working as a locomotive engineer for defendant. That on that date he was working on a train that originated in Decatur, Illinois and was travelling to Peru, Indiana on defendant's main line track. At or near Rockfield, Indiana the seat he was riding in broke causing him to fall backwards injuring his head and spine.

7. Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts or omissions of the Defendant in one or more of the following particulars:

    a) Defendant failed to provide Plaintiff with a reasonably safe place to work; or

    b) Defendant failed to provide reasonably safe conditions for work; or

    c) Defendant failed to provide reasonably safe methods of work; or

    d) Defendant failed to provide a reasonably safe locomotive seat; or

    e) Defendant failed to provide a reasonably safe engine or equipment for work; or

    f) Defendant failed to properly inspect, maintain or repair its locomotive; or

    g) Defendant failed to provide adequate training; or

    h) Defendant failed to provide adequate safety or personal protective equipment; or

    i) Defendant failed to provide adequate help; or

    j) Defendant's conduct described above was and is in violation of the Locomotive Inspection Act, 49 USC § 20701 et seq., as it failed to provide plaintiff with locomotives that did not pose an unnecessary danger of personal injury and was and is in violation of 49 CFR §229.7(a)(1) & (2) and 49 CFR §229.45 and §229.119, constituting negligence per se.

 7. As a result, in whole or in part, of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff sustained injuries to his spine and the discs in his spine, bones, nerves and soft tissues; Plaintiff suffered and will continue to suffer pain and mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment and, possibly, additional surgery. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

 WHEREFORE, Plaintiff, John Sparks, prays for Judgment against the Defendant, Norfolk Southern Railway Company, for a sum fair and reasonable under the circumstances in excess of one million dollars ($1,000,000.00) together with his costs herein expended.

           HOLLAND, GROVES, SCHNELLER
           & STOLZE, L.L.C.

           _____
           STEVEN L. GROVES #40837 MO
           PHILIP E. PROUD #66163 MO
           300 N. Tucker Blvd., Suite 801
           St. Louis, MO 63101
           314/241-8111
           314/241-5554 – Fax