# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOHN SPARKS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, )<br>    Defendant. ) | CAUSE NO.: 2:14-CV-40-JTM-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Defendant Norfolk Southern Railway Company to Respond to Plaintiff's Request for Production [DE 26], filed by Plaintiff John Sparks on August 14, 2015. Defendant Norfolk Southern Railway Company filed a response on August 31, 2015. No reply was filed, and the time to do so has passed.

In this lawsuit, Plaintiff alleges that Defendant owes him money damages arising from injuries Plaintiff sustained on November 9, 2008, while working for Defendant. Plaintiff seeks damages in excess of $1,000,000. Defendant has raised the affirmative defense of release, but Plaintiff argues the release signed regarding the injury should be set aside because of mutual mistake.

On June 14, 2014, Plaintiff served his First Request for Production of Documents on Defendant. On August 29, 2014, Defendant filed its responses to Plaintiff's Request. At issue in the instant Motion are documents withheld from Request Numbers 28 and 30 in the Request. Number 28 is a request for a "complete copy of defendant's claims file as it existed prior to the date the release was signed that defendant asserts releases the underlying claim." Number 30 is a request for "[a]ll correspondence, emails, memos or other communications between defendant's employees or agents regarding plaintiff's injury up until the date the release was signed that defendant asserts

releases the underlying claim." Defendant produced its non-privileged documents that fell under Numbers 28 and 30 but objected to the extent they requested materials protected by attorney-client privilege or the work product doctrine. This production included 150 pages of documents, including all documents containing information related to Plaintiff's medical condition at the time of the settlement. Upon subsequent review of the file, Defendant produced additional documents that had been withheld as privileged, but still claimed privilege for thirteen of the documents, listed in the privilege log as numbers 4-7, 9, 13, 14, 17-19, and 21-23. As a result, Plaintiff filed the instant Motion to Compel these unproduced documents.

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things." Fed. R. Civ. P. 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order compelling discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). The burden is on the objecting party to show why a particular discovery request is improper.

Plaintiff asks the Court to compel Defendant to produce documents that have been withheld based on the work product privilege. The work product doctrine applies to documents and tangible things that are prepared in anticipation of litigation or for trial by and for another party or its representatives. Fed. R. Civ. P. 26(b)(3)(A). However, these materials may be discovered if they are otherwise discoverable under Rule 26(b)(1) and " the party shows that it has substantial need for the

materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). The work product privilege serves "dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621-22 (7th Cir. 2010). In determining whether the doctrine applies, courts "look to whether in light of the factual context 'the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976-77 (7th Cir. 1996) (quoting *Binks Mfg. Co. v. National Presto Indus.*, 709 F.2d 1109, 1119 (7th Cir. 1983)). The burden is on the party asserting the doctrine's protection to show that it applies. *Sullivan v. Alcatel-Lucent USA, Inc.*, No. 12-C-7528, 2013 WL 2637936, *10 (N.D. Ill. June 12, 2013).

As an initial matter, the Court notes that Plaintiff does not object to Defendant's determination that the material in question is work product, and the Court considers Plaintiff to have conceded the status of the documents as work product. Instead of rejecting the determination of work product, Plaintiff presents two reasons why the material should be produced despite being work product. First, Plaintiff asserts that Defendant's affirmative defense of release has caused Defendant to waive the work product privilege. Second, Plaintiff argues that, even if the work product privilege is not waived, Plaintiff has a substantial need for the material and is unable to obtain its equivalent, so the material should be produced pursuant to Federal Rule of Civil Procedure 26(b)(3)(A). The Court addresses each argument in turn.

Plaintiff argues that Defendant's affirmative defense of release causes Defendant to waive its work product privilege regarding the injury claim file and related communications. In support

of this argument, Plaintiff directs the Court to *Harding v. Dana Transportation, Inc.*, 914 F. Supp. 1084 (D.N.J. 1996). The *Harding* court found that the defendant had waived the work product privilege as applied to the investigation file by asserting the defense that it had conducted a reasonable investigation and was consequently not liable under the doctrine of *respondeat superior*. *Id.* at 1099.

Unlike in Harding, however, Defendant did not raise as a defense the adequacy of its investigation. Instead, Defendant is arguing that the executed release provides a defense to liability. A privilege-holder may waive its work product protections by putting privileged matter in issue as evidence in a case, but that is not what has happened here. It is Plaintiff who argues mutual mistake, and it is Plaintiff who wants to prove this mutual mistake through the items sought in discovery. Further, even under Plaintiff's theory of mutual mistake in the underlying case, the question is what Defendant knew about Plaintiff's condition at the time of settlement, not what the disputed documents say or the method or nature of Defendant's investigation.

Asserting release as a defense does not mandate unrestricted access to Defendant's claim file or communications between Defendant's employees or agents regarding Plaintiff's injury. Defendant has not put in issue the disputed materials. "Parties may forfeit a privilege by exposing privileged evidence, but do not forfeit one merely by taking a position that the evidence might contradict." *U.S. v. Salerno*, 505 U.S. 317, 323 (1992). Work product protection is not waived.

Next, Plaintiff argues that, even if work product privilege is not waived, Defendant should be compelled to produce the documents because Plaintiff has a substantial need for them and has no ability to obtain their substantial equivalents without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A). The Court notes that eleven of the thirteen documents withheld are documents written

4

by Defendant's claim agent Frank Mahoney. Plaintiff was scheduled to depose Mr. Mahoney on August 19, 2015, indicating that Plaintiff has a means of obtaining the substantial equivalent of the eleven documents written by Mr. Mahoney, namely a deposition of the documents' author. The exception to the work product privilege does not apply to these documents, so the Court will not compel their production.

The remaining two documents are a "Checklist - Prior to Settlement," described as an "internal claims checklist to document steps taken in claims administration," and a "Claims database of prior settlements for unrelated claims (including claimants other than [Defendant])." (Def. Resp. 3). Plaintiff makes no claims of substantial need specific to any particular document, and instead asserts he requires the entirety of the materials requested because "the defendant and its claim file are the only sources of information as to what it knew at the time it settled Plaintiff's claim." (Pl. Mem. Law 5). The Court notes that Plaintiff has made no allegation of how these two documents might contain evidence of mutual mistake. Even if there is no method by which Plaintiff could obtain the substantial equivalent of these two documents, Plaintiff has failed to demonstrate substantial need for them. Plaintiff's argument that the exception to the work product privilege requires production of these documents fails, and the Court will not compel Defendant to produce them.

Finally, Defendant represents in its response brief that it has produced all documents in the claim file that relate to Plaintiff's medical condition prior to the release. Plaintiff has not filed a reply brief to contest this representation or to request an in camera inspection of the withheld documents.

Because the Court denies Plaintiff's Motion to Compel, the Court grants Defendant's request for a protective order allowing it to not respond to the discovery request.

5

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion to Compel Defendant Norfolk Southern Railway Company to Respond to Plaintiff's Request for Production [DE 26], and **ORDERS** that Defendant need not produce documents 4-7, 9, 13, 14, 17-19, and 21-23 in its privilege log in response to Numbers 28 and 29 of Plaintiff's Request for Production of Documents, served June 14, 2014.

Further, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), the Court hereby **ORDERS** Plaintiff, by **October 19, 2015**, to **FILE** a statement explaining why the Motion was substantially justified or why it would be unjust for the Court to order him to pay Defendant's reasonable expenses, including attorney's fees, incurred in opposing the Motion.

SO ORDERED this 5th day of October, 2015.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE