UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN SPARKS,                    ) | |
|     Plaintiff,                ) | |
|                               ) | |
| v.                              ) | CAUSE NO.: 2:14-CV-40-JTM-PRC |
|                               ) | |
| NORFOLK SOUTHERN RAILWAY        ) | |
| COMPANY,                        ) | |
|     Defendant.               ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff[']s Statement Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) [DE 34], filed by Plaintiff John Sparks on October 19, 2015. Defendant Norfolk Southern Railway Company has not filed a response, and the time to do so has passed.

This matter originates in a Motion to Compel filed by Plaintiff on August 14, 2015. The motion sought disclosure of documents Defendant had claimed as privileged in responding to Plaintiff's discovery requests. Defendant turned over some of the documents, but claimed the remaining documents were protected by privilege. After the motion was fully briefed, the Court denied the motion.

Federal Rule of Civil Procedure 37 provides that, if a Motion to Compel is denied, a court "must, after giving opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The Rule provides exceptions if the motion was substantially justified or if other circumstances make an award of expenses unjust. *Id.* Additionally, subpart (a)(5)(A) of Rule 37 provides that, if the requested discovery is turned over after the motion is filed, then the party turning over the discovery should be required to pay the movant's reasonable expenses. Since the matter of expenses was not discussed in the original

motion, the Court ordered additional briefing.

Though the motion to compel was denied (which weighs in favor of requiring Plaintiff to pay Defendant's reasonable expenses), some discovery was turned over after the filing of the motion (which weighs in favor of requiring Defendant to pay Plaintiff's reasonable expenses). Based on these facts and the fact that Defendant did not file a response arguing for an award of fees, the Court finds that the circumstances of this motion make an award of expenses unjust and **DECLINES** to award fees in this instance. Plaintiff John Sparks and Defendant Norfolk Southern Railway Company shall each bear their own expenses incurred in making or defending the Motion to Compel.

SO ORDERED this 9th day of November, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT