UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| JOHN SPARKS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 2:14 CV 40 |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) |  |
| Defendant. | ) |  |

## OPINION and ORDER

In 2009, plaintiff John Sparks was injured while working for defendant Norfolk Southern Railway Company. He settled his injury claim with defendant in 2010, but claims that his injuries were far more extensive than anyone realized at the time, and now seeks to recover additional damages from defendant. It is undisputed that, after the settlement, plaintiff also filed for bankruptcy, but failed to disclose his claim or settlement in the Chapter 7 proceedings.[1]

Defendant has moved for summary judgment on the merits of the claim, arguing that plaintiff is bound by the terms of his settlement agreement and cannot seek additional damages from defendant. (DE # 36.) However, defendant also raises a critical issue regarding plaintiff's bankruptcy proceedings, which calls into question whether

---

[1] Plaintiff asserts that he has now informed the bankruptcy trustee of these facts and bankruptcy proceedings have been reopened, but the court has no further information regarding the status of the reopened proceedings or the trustee's interest or disinterest in this case.

plaintiff has standing to bring this lawsuit in the first place, and that matter must be addressed before anything else.

Defendant phrases its argument regarding plaintiff's failure to reveal his claim and settlement during bankruptcy proceedings in terms of "judicial estoppel." Indeed, the Seventh Circuit has held that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Cannon–Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir. 2006). Judicial estoppel bars a plaintiff's attempts to recover such claims. *Id.* at 448–49.

However, the Seventh Circuit has also cautioned that additional analysis must be conducted before applying the judicial estoppel doctrine to bar claims that a plaintiff failed to disclose in bankruptcy. "[T]he threshold issue is not whether to apply an estoppel but whether [plaintiff] is the real party in interest." *Biesek v. Soo Line R. Co.,* 440 F.3d 410, 413 (7th Cir. 2006). A legal claim arising out of events occurring before a debtor's bankruptcy filing belongs to the debtor's estate. *In re Polis,* 217 F.3d 899, 901–02 (7th Cir. 2000). In Chapter 7 proceedings, only the trustee has standing to bring such claims. *Cable v. Ivy Tech State Coll.,* 200 F.3d 467, 472 (7th Cir. 1999). It is thus appropriate to examine whether a plaintiff has standing to bring his claims before determining the merits of those claims.

Here, there is no question that plaintiff was aware of the injury he sustained in 2009 before he filed for bankruptcy. Therefore, plaintiff's present claim is part of the bankruptcy estate. 11 U.S.C. § 541(a)(1); *Biesek,* 440 F.3d at 413; *In re Polis,* 217 F.3d at

902. Moreover, those claims remained the property of the estate after the closing of plaintiff's bankruptcy case. 11 U.S.C. § 554(c)-(d).

Fed. R. Civ. P. 17(a)(3) provides that an action shall not be dismissed for failure to prosecute in the name of the real party in interest until that party has been given a reasonable time to ratify, join, or be substituted into the action. Accordingly, the court **GRANTS** the trustee **60 days** to ratify, join, or be substituted as a party. If the trustee declines to take any action with respect to the subject claims within 60 days of this order, the claims will be dismissed with prejudice. If the trustee ratifies, joins, or is substituted into this action, then the court will rule on the remaining substantive arguments made in defendant's motion for summary judgment.

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED, in part.** (DE # 42.) The Clerk is ordered to **TERMINATE** defendant's motion for summary judgment and related motion to strike (DE ## 36, 42) for statistical purposes, as the remaining issues will be held in abeyance.

**SO ORDERED.**

Date: September 27, 2016

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT