UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JACQUELINE S. HOMANN,<br>Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-40 |
| | ) | |
| NORFOLK SOUTHERN<br>RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At the close of the evidence and before the argument of counsel, the Court indicates that it

will give to the jury, after argument of counsel, Court's Instructions numbered 1 through 28, both

inclusive.

ENTER: April 25, 2018.

/s/Andrew P. Rodovich
United States Magistrate Judge

COURT'S INSTRUCTION NO. 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

COURT'S INSTRUCTION NO. 2

In this case, the plaintiff Jacqueline Homann is a trustee on behalf of a bankruptcy estate and the defendant Norfolk Southern Railway Company is a corporation.  All parties are equal before the law.  A bankruptcy estate trustee and a corporation are entitled to the same fair consideration that you would give any individual person.

COURT'S INSTRUCTION NO. 3

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

COURT'S INSTRUCTION NO. 4

During the trial, certain testimony was presented to you by video deposition.  You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

COURT'S INSTRUCTION NO. 5

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

COURT'S INSTRUCTION NO. 6

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

COURT'S INSTRUCTION NO. 7

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law, we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

COURT'S INSTRUCTION NO. 8

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

COURT'S INSTRUCTION NO. 9

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

COURT'S INSTRUCTION NO. 10

You may consider statements given by someone before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

COURT'S INSTRUCTION NO. 11

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

COURT'S INSTRUCTION NO. 12

You have heard witnesses give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

COURT'S INSTRUCTION NO. 13

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

COURT'S INSTRUCTION NO. 14

Deposition and trial transcripts are not available to the jury during its deliberations.  You should proceed with your deliberations on the basis of the law given in the Court's instructions and the evidence introduced in the course of this trial.

COURT'S INSTRUCTION NO. 15

The plaintiff claims that the defendant, Norfolk Southern Railway Company, violated the Locomotive Inspection Act, which requires a railroad to obey certain regulations about railroad operations.  Those regulations require a railroad to ensure that a locomotive and its parts which are used on its line of railroad are in proper condition and safe to operate without unnecessary danger of personal injury.  Norfolk admits that it violated the Locomotive Inspection Act, 49 C.F.R. § 229.119(a), which requires locomotive cab seats to be securely mounted and braced.

To succeed in the Locomotive Inspection Act claim, the plaintiff must prove by a preponderance of the evidence that Norfolk's violation of the Locomotive Inspection Act caused or contributed to Jonathan Sparks' injuries.

COURT'S INSTRUCTION NO. 16

Norfolk "caused or contributed to" Sparks' injury if its violation of the Locomotive Inspection Act played a part – no matter how small – in bringing about the injury.  There can be more than one cause contributing to an injury.  The mere fact that an injury occurred does not necessarily mean that the injury was caused by Norfolk's violation of the Locomotive Inspection Act.

COURT'S INSTRUCTION NO. 17

The plaintiff alleges that Sparks and Norfolk were mutually mistaken regarding the nature and extent of Sparks' injuries when they entered into the release.

To set aside the release based on mutual mistake of fact, the plaintiff must prove, by clear and convincing evidence, the following:

1.  both parties to the release had a common belief about a fact crucial to the release;

2.  both parties were mistaken in their belief; and

3.  if the parties had not been mistaken, Sparks' decision about whether to enter into the release reasonably might have been different.

COURT'S INSTRUCTION NO. 18

When I say that the plaintiff must prove mutual mistake of fact by "clear and convincing evidence," this is what I mean:  When you have considered all of the evidence, you are convinced that it is highly probable that it is true.  This is a higher burden of proof than "more probably true than not."  Clear and convincing evidence must persuade you that it is "highly probably true."

COURT'S INSTRUCTION NO. 19

A mutual mistake of fact is sufficient to avoid a release only when the mistake goes to the nature of the injury, not the expected course of healing, and when the mistaken belief is held by both parties; in other words, a misdiagnosis is a sufficient basis for mutual mistake of fact, but an incorrect prognosis is not.  If the diagnosis of the actual injury is in error, then the parties have not agreed on an essential element of the contract, and the release should be invalidated. However, if the parties are mistaken only as to future facts, that is, the outcome of the injury, then the release should not be set aside.

COURT'S INSTRUCTION NO. 20

If you find in favor of the plaintiff, then you must determine the amount of money that will fairly compensate Sparks for any injury that you find he sustained and is reasonably certain to sustain in the future.

The plaintiff must prove damages by a preponderance of the evidence.  The award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.   The reasonable value of medical care and supplies that Sparks reasonably needed and actually received.

2.   The wages that Sparks has lost.

3.   The physical and mental/emotional pain and suffering and disability/loss of a normal life including any aggravation of a pre-existing condition that Sparks has experienced and is reasonably certain to experience in the future.  No evidence of the dollar value of physical or mental/emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Sparks for the injury he has sustained.

If you find for the plaintiff, any damages you award will not be subject to income taxes, so you should consider after-tax income in fixing the amount of damages.

COURT'S INSTRUCTION NO. 21

If you find for the plaintiff, you should compensate Sparks for any aggravation of an existing disease or physical defect resulting from such injury.

If you find that there was an aggravation you should determine, if you can, what portion of Sparks' condition resulted from the aggravation and make allowance in your verdict only for the aggravation.  However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

COURT'S INSTRUCTION NO. 22

The extent to which an injury is attributable to a preexisting condition need not be proved with mathematical precision or great exactitude.  The evidence need only be sufficient to permit a rough practical apportionment.

COURT'S INSTRUCTION NO. 23

The plaintiff has asked you to award money based on Sparks' life expectancy.

According to the Social Security Mortality Table, the life expectancy of a male person 41 years of age is 37.8 years.

This is evidence you may consider in determining the amount of money to award, if any.

Mortality tables are merely estimates of life expectancy.  They are based on statistical averages of the remaining length of life of all persons in our country of a given age and sex. In considering the life expectancy of Sparks, you may evaluate all facts and circumstances that bear on the life expectancy of Sparks, including the mortality table and occupation, health history, state of health, and habits.

COURT'S INSTRUCTION NO. 24

Norfolk argues that the plaintiff's claim should be reduced as a result of Sparks' failure to mitigate his damages.

If you find that:

1. Sparks did not take reasonable actions to mitigate his damages; and

2. that Sparks could have lessened his damages had he taken such reasonable actions to mitigate his damages;

you should reduce any amount you might award the plaintiff by the amount Sparks could have avoided had he taken reasonable measures to mitigate his damages.

Norfolk must prove both that the reduction should be made and its amount by a preponderance of the evidence.

COURT'S INSTRUCTION NO. 25

You are instructed that the fact that the Court has given an instruction concerning the subject of the Sparks' damages, or that Norfolk's counsel has discussed such subject, is not to be taken by you as any intimation by the Court that this is a case where damages are appropriate or as any admission by Norfolk that Sparks has suffered damages, or that Norfolk is liable for the damages complained of.  The damage instructions have been given so that you may have a complete instruction of law.

COURT'S INSTRUCTION NO. 26

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Question 1 asks, Do you find that Norfolk Southern Railway Company's violation of the Locomotive Inspection Act caused or contributed to Sparks' injuries?  If you answer "no," you do not need to answer any further questions and the presiding juror is to sign and date the other verdict form.  If you answer "yes" to Question 1, you are to proceed to Question 2.

Questions 2 asks, Do you find that the plaintiff may avoid the terms of the release as a result of the parties' mutual mistake?  If you answer "no," you do not need to answer any further questions and the presiding juror is to sign and date the other verdict form.  If you answer "Yes" to Question 2, you are to proceed to Question 3.

At Question 3, you are to state the total amount of Sparks' damages.  If you proceed to Question 3, I will enter your verdict in favor of the plaintiff, which will consist of the dollar amount you enter in response to Question 3.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, the presiding juror will fill, date, and sign the appropriate form.

COURT'S INSTRUCTION NO. 27

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if she is unwilling to do so, by some other juror.  The writing should be given to court personnel, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

COURT'S INSTRUCTION NO. 28

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.