UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| JACQUELINE S. HOMANN, Trustee, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 2:14-cv-40 |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for New Trial on Mutual Mistake of Fact and Damages and Memorandum in Support [DE 132] filed by the plaintiff, Jacqueline S. Homann, on May 23, 2018. For the following reasons, the motion is **GRANTED.**

*Background*

Jonathan Sparks initiated this matter against the defendant, Norfolk Southern Railway Company, on February 10, 2014. Bankruptcy trustee, Jacqueline Homann, was substituted as the plaintiff pursuant to this court's order. In 2009, Sparks was injured while working for Norfolk as a locomotive engineer. Sparks has alleged that he injured his neck when his locomotive cab seatback collapsed, causing him to fall backward. He settled his injury claim with Norfolk in 2010 but contends that his injuries were far more extensive than he realized at the time. Thus, Homann has argued that Sparks and Norfolk entered into a release under a mutual mistake of fact as to the nature and extent of Sparks' injuries from the seatback collapse.

Norfolk moved for summary judgment on November 9, 2015. The court, in its Order on November 15, 2016, determined that genuine issues of material fact prevented the entry of

summary judgment under Federal Rule of Civil Procedure 56, including but not limited to whether the parties made a mutual mistake of fact regarding the nature and extent of Sparks' injuries when the release was executed.

On March 6, 2018, this matter was reassigned pursuant to General Order 2018-2 to Magistrate Judge Andrew P. Rodovich. The matter proceeded to trial on April 23, 2018. Prior to the completion of the trial, Homann stated her objections on the record to the jury instructions. She objected that the court's instruction improperly stated that the burden of proof on the mutual mistake of fact issue required "clear and convincing" evidence. The court denied her objection and instructed the jury that "[t]o set aside the release based on mutual mistake of fact, the plaintiff must prove, by clear and convincing evidence . . ." [Court's Instruction No. 17]. The jury trial was completed on April 25, 2018. The jury found as follows: (1) Norfolk's violation of the Locomotive Inspection Act caused or contributed to Sparks' injuries; and (2) the release was not entered into based on mutual mistake. The jury did not reach the question of Sparks' damages.

Homann has filed the instant motion requesting the court to set aside the jury verdict on the issues of mutual mistake of fact and damages and grant a new trial on those issues alone. Homann contends that she is entitled to a new trial on the issues of mutual mistake of fact and damages due to a jury instruction error and the resulting inconsistent verdict. Norfolk filed a response in opposition on June 6, 2018, and Homann filed a reply on June 13, 2018.

*Discussion*

**Federal Rule of Civil Procedure 59(a)(1)(A)** allows the court to grant a new jury trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in

an action at law in federal court." A motion for a new trial must be filed no later than 28 days after the entry of judgment. **Federal Rule of Civil Procedure 59(b).**

The district court has discretion in fashioning jury instructions that accurately state the law and do not confuse the jury. ***Schobert v. Illinois Dept. of Transp.*,** 304 F.3d 725, 729 (7th Cir. 2002). Jury instructions need not be an "idealized set of perfect jury instructions," but they must be correct legal statements. ***Schobert*,** 304 F.3d at 730. A reviewing court will not reverse a jury verdict unless an instruction is "so misleading that a party was prejudiced." ***Schobert*,** 304 F.3d at 730.

Federal law governs the validity of a release in any Federal Employers' Liability Act (FELA) action. ***Maynard v. Durham & S. Ry.*,** 365 U.S. 160, 161, 81 S. Ct. 561, 562, 5 L. Ed. 2d 486 (1961) (citing ***Dice v. Akron, Canton & Youngstown R. Co.*,** 342 U.S. 359, 361, 72 S. Ct. 312, 314, 96 L. Ed. 398 (1952)). The party who attacks a release under federal law bears the burden of establishing the purported release's invalidity. ***Callen v. Pennsylvania R.R.*,** 332 U.S. 625, 68 S. Ct. 296, 92 L. Ed. 242 (1948). The party attacking the release may meet this burden by showing that the release was not supported by adequate consideration, that he was defrauded, or that he and the other party to the release acted under a mutual mistake of fact as to the settlement. *See **Maynard*,** 365 U.S. at 163; ***Callen*,** 332 U.S. at 630.

Homann has argued that the jury instructions improperly misstated the law regarding mutual mistake of fact and thereby prejudiced Homann. Homann alleged that Sparks and Norfolk were mutually mistaken regarding the nature and extent of Sparks' injuries when they entered into the release. On the issue of mutual mistake, the court instructed the jury that, "[t]o set aside the release based on mutual mistake of fact, the plaintiff must prove, by clear and convincing evidence . . ." [Court's Instruction No. 17]. Thus, Homann asserts that the standard

of "clear and convincing evidence" is inconsistent with Congressional intent and longstanding court interpretation of the FELA.

In *Callen v. Pennsylvania R. Co.,* 162 F.2d 832, 835 (3d Cir. 1947), the court determined that the level of proof necessary to set aside a release in an FELA action was clear, unequivocal and convincing evidence. *Callen* was affirmed by the Supreme Court, *Callen v. Pennsylvania R. Co.,* 332 U.S. 625, 68 S. Ct. 296, 92 L. Ed. 242 (1948), but the issue regarding the burden of proof was not formally passed upon by the Supreme Court. Justices Black and Douglas joined in the dissent advocating that such cases should be governed by the Admiralty Rule, requiring that the defendant employer has the burden of proving that the validity of the release. *Callen,* 332 U.S. at 631.

Additionally, in *Dice v. Akron, Canton & Youngstown R. Co.,* 342 U.S. 359, 72 S. Ct. 312, 96 L. Ed. 398 (1952), the Supreme Court held that a challenge to the validity of a release under FELA raises a federal question to be determined by federal, rather than state, law. Again, the issue regarding the avoidance of a release applying the rule of clear, unequivocal and convincing evidence was not formally passed upon by the Supreme Court. Justice Frankfurter, who had been part of the majority in *Callen,* wrote a separate concurrence for reversal but dissented from the Supreme Court's opinion. Justice Frankfurter, along with Justices Reed, Jackson, and Burton, indicated that the case should be returned for further proceedings "on the sole question of fraud in the release" and went on to say that, "[s]uch proof of fraud need be only by a preponderance of relevant evidence." *Dice,* 342 U.S. at 370.

It is Homann's contention that in *Purvis v. Pennsylvania R. Co.,* 198 F.2d 631, 633 (3d Cir. 1952), the Third Circuit examined at length the issue of the burden of proof regarding a mutual mistake of fact in an FELA case. The court indicated that "[t]hough of but collateral

interest in this particular case it is important to comment at this time on the quality of proof necessary to set aside a release in this type of action." *Purvis,* 198 F.2d at 633. Relying on Justice Frankfurter's dissent in *Dice,* the court in adopting the preponderance of evidence standard stated, "[w]e are satisfied that if and when the problem is squarely before the Supreme Court the rule pronounced will be in accord with Mr. Justice Frankfurter's above quoted language and therefore, in fairness to the district judges of this circuit and to ourselves, we adopt that test for this circuit in applicable instances." *Purvis*, 198 F.2d at 633-34.

The Seventh Circuit has not specifically addressed this issue. Therefore, the court, in considering what limited precedent there is by the Supreme Court, finds that the burden of proof on the issue of mutual mistake is clear and convincing evidence. The court in *Callen,* 162 F.2d at 833 (3d Cir. 1947), aff'd, 332 U.S. 625 (1948), in an FELA case held that a party seeking to avoid a release must prove mutual mistake by clear, unequivocal and convincing evidence. *Callen* has not been overturned and remains the law today. Therefore, the court concludes that it has accurately stated the law in the court's jury instruction, and the motion for new trial is denied on that basis.

Next, Homann has argued that the jury's verdict was inconsistent, and therefore should be set aside. A motion for a new trial is granted only if the verdict is against the manifest weight of the evidence, the damages are excessive, or other reasons exist as to why the trial was unfair to the moving party. *Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 440 (7th Cir. 2010). Civil jury verdicts must be consistent, but courts must reconcile apparently inconsistent verdicts, if possible, rather than overturn the verdicts. *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005). "A verdict will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore ex rel. Estate of Grady v.*

*Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008) (citing *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)).

The jury returned the following verdict:

> Q: Do you find that Norfolk Southern Railway Company's violation of the Locomotive Inspection Act caused or contributed to Jonathan Sparks' injuries?
>
> A: Yes.
>
> Note: If your answer is no, please sign and date the other verdict form. No further deliberation is required.
>
> Q: Do you find that the plaintiff may avoid the terms of the release as a result of the parties' mutual mistake?
>
> A: No.
>
> Note: If your answer is no, please sign and date the other verdict form. No further deliberation is required.

Norfolk conceded at trial that Sparks was injured in the November 9, 2009 incident. However, it was Norfolk's contention that there was no objective evidence that Sparks was suffering from a herniated disc on or before the execution of the release on January 5, 2010. The parties, at the time the January 5, 2010 release was executed, believed that Sparks had suffered a whiplash injury. Moreover, Norfolk contends that Sparks had fully recovered from his injuries sustained on November 9, 2009, and that his symptoms arising after January 5, 2010 were not caused by the incident. Thus, Norfolk asserts that these findings would support the jury's verdict that *some* of Sparks' injuries were caused by the November incident, but the parties were not mutually mistaken when they executed the release.

The issue contested was whether Norfolk's violation of the Locomotive Inspection Act caused or contributed to Sparks' injuries. Said differently, whether Sparks' injuries were, in fact, more severe at the time the parties executed the release. The jury found that Norfolk's violation

caused or contributed to the injuries Sparks claimed at trial, not just *some* of his injuries.  The jury was instructed that if they found Norfolk's negligence caused or contributed to Sparks' current injuries, then they must determine whether Homann may recover notwithstanding the terms of the release executed by Norfolk and Sparks in January of 2010.

The jury was instructed that "[a] mutual mistake of fact is sufficient to avoid a release only when the mistake goes to the nature of the injury. . ." [Court's Instruction No. 19].  Therefore, the jury's determination that Norfolk had caused or contributed to the injuries Sparks claimed at trial was inconsistent with their finding that at the time the release was executed the parties were not mutually mistaken as to the nature of Sparks' injuries.  The court finds that the verdict was inconsistent, and therefore should be set aside.  Accordingly, Homann's motion for a new trial is granted on that basis.

Homann has requested the court to enter an Order vacating the jury's findings to questions 2 and 3 on the Verdict Form and set aside the judgment as to those two questions.  However, the court denies that request and sets this matter for a Jury Trial on December 11, 2018 at 9:00 a.m. as to all issues, including causation.

Based on the foregoing reasons, the Motion for New Trial on Mutual Mistake of Fact and Damages and Memorandum in Support [DE 132] is **GRANTED.**

ENTERED this 8th day of November, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge